**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-2369**

---

GREG BAILEY; JENNIFER BAILEY,

        Plaintiffs - Appellants,

    and

CRYSTAL MCGEE; DAVID EDMONDS, JR.; JILL EDMONDS,

        Plaintiffs,

    v.

VIRGINIA HIGH SCHOOL LEAGUE, INCORPORATED,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:11-cv-00035-JPJ-PMS)

---

Submitted: June 15, 2012          Decided: July 18, 2012

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Hugh F. O'Donnell, CLIENT CENTERED LEGAL SERVICES OF SOUTHWEST VIRGINIA, Norton, Virginia, for Appellants. R. Craig Wood, MCGUIREWOODS LLP, Charlottesville, Virginia; Aaron James Longo, MCGUIREWOODS LLP, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Greg and Jennifer Bailey appeal the district court's order dismissing their complaint against the Virginia High School League, Inc. ("VHSL"), for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The Baileys sought to challenge VHSL's "transfer rule," which denied their son eligibility to participate in interscholastic and athletic activities at the school of their choice. The district court granted VHSL's motion to dismiss. Finding no error, we affirm.

We review de novo a district court's grant of a motion to dismiss. E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011). While a court, in ruling on a Rule 12(b)(6) motion to dismiss, "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), the complaint must contain sufficient facts to state a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

On appeal, the Baileys challenge the district court's statement in the dismissal order that it had considered "[t]he facts, as set forth in the plaintiffs' Complaint or as agreed by the parties at oral argument." The Baileys allege that this statement reflects the district court's reliance on facts

outside the complaint, and that such reliance is reversible error.

In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint and any documents attached or incorporated by reference. Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). However, the district court cannot go beyond these documents on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(b), 12(d), 56. Such a conversion is error where the parties have not had a reasonable opportunity for discovery. Kolon Indus., 637 F.3d at 448-49.

"[S]tatements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." Id. at 449. Here, we have reviewed the record and found no facts raised at the hearing that were not included in the complaint. Accordingly, this claim fails.

The Baileys also challenge the district court's classification of VHSL as an "organization," because VHSL's corporate identity is important "in gauging how the edicts of an independent private corporation can outweigh the fundamental right of a parent to make decisions about the welfare of one's child." We reject this argument as it contradicts the Baileys'

4

own description of VHSL in the complaint as, in essence, a state actor.

Finally, the Baileys challenge the district court's dismissal of their claim that the transfer rule interferes with their fundamental right to make decisions in the best interest of their son. See Troxel v. Granville, 530 U.S. 57, 66 (2000) ("[I]t cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.") Although "the Supreme Court has never been called upon to define the precise boundaries of a parent's right to control a child's upbringing and education," C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 182 (3rd Cir. 2005), it is clear that the right is neither absolute nor unqualified, Lehr v. Robertson, 463 U.S. 248, 256 (1983) (holding that constitutional protection is available for parent-child relationship in "appropriate cases"). See Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275 (5th Cir. 2001) (upholding school district's mandatory school uniform policy); Hooks v. Clark County Sch. Dist., 228 F.3d 1036, 1036 (9th Cir. 2000) (upholding state statute denying speech therapy services to home-schooled children); Swanson v. Guthrie Indep. Sch. Dist. No. 1-L, 135 F.3d 694 (10th Cir. 1998) (upholding school district's full-time attendance policy); Herndon v. Chapel Hill-

5

<u>Carrboro City Bd. of Educ.</u>, 89 F.3d 174 (4th Cir. 1996) (upholding school district's mandatory community service program).

The Baileys' right to control individual components of their son's education, including his participation in interscholastic sports and other activities, is not constitutionally protected, and the district court correctly dismissed this claim. Finally, because the complaint does not implicate a fundamental right, the Baileys' reliance on <u>Tennessee Secondary Sch. Athletic Ass'n v. Brentwood Acad.</u>, 551 U.S. 291 (2007), is misplaced.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>